FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA APR -8 PM 1:18
EASTERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| BUSINESS INSURANCE COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | CV-96-PT-2853-E |
| LOUISIANA CHEMICAL EQUIPMENT COMPANY, L.L.C., and AUBREY DALE ROBERSON, an individual, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

ENTERED
APR 8 1997

## MEMORANDUM OPINION

This cause comes on to be heard on the defendant Louisiana Chemical Equipment Company's Motion to Dismiss filed on December 16, 1996, which the court converted to a Motion for Summary Judgment.

### BACKGROUND AND CONTENTIONS

The plaintiff, Business Insurance Company, Inc. (BICO), is a California corporation with its principal place of business in California. Defendant Louisiana Chemical Equipment Company (LCEC) is a Louisiana limited liability company with its principal place of business in Louisiana. Defendant Aubrey Dale Roberson is a LCEC employee and an Alabama citizen.

On July 2, 1996, Roberson was involved in a work-related automobile accident in Cullman, Alabama. At that time, LCEC was insured under a worker's compensation policy issued by BICO. On July 4, 1996, LCEC notified the Texas Worker's Compensation Commission and

1

BICO of Roberson's injury. On March 3, 1997, the Commission refused to proceed because Roberson had elected to pursue a remedy in Alabama state court. Roberson meanwhile has sued in Alabama state court claiming entitlement to worker's compensation benefits under the Alabama Workmen's Compensation Act.

On November 1, 1996, BICO filed this declaratory judgment action. BICO contends that LCEC failed to disclose that it had physical laborers who engaged in dismantling industrial equipment. Further, BICO contends that LCEC failed to disclose that it had employees who resided in Alabama. BICO contends, moreover, that LCEC failed to properly cooperate in the investigation of Roberson's claim. BICO asks this court to declare the insurance policy it issued to LCEC null and void, that BICO has no duty or obligation respecting the claims of LCEC, and that the disputed policy does not cover Roberson's claim.

LCEC contends that this court should dismiss the action because: first, the court lacks personal jurisdiction because LCEC does not have the required minimum contacts with Alabama; second, the plaintiff has improperly set the venue of this case in Alabama; third, alternatively, that venue should be transferred to Texas or Louisiana for the convenience of the parties and witnesses and in the interest of judicial economy and efficiency.

## ANALYSIS[1]

BICO has brought this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. § 2201. That section states:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The resulting issue in the present case is, therefore, whether a federal declaratory judgment action is the appropriate method for deciding BICO's liability on the insurance policy it issued to LCEC. Although the Supreme Court has continually stressed the discretionary nature of the Act, the parameters of that discretion were only recently made clear.

The seminal case concerning district court discretion in declaratory judgment actions is Brillhart v. Excess Ins. Co., 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942). In Brillhart, an insurer brought a federal declaratory judgment suit to decide its rights under a reinsurance policy. The District Court dismissed the action in favor of pending state garnishment proceedings in which the insurer was a defendant. The Court of Appeals reversed and ordered the District Court to proceed on the merits. The Supreme Court reversed and remanded the case to the District Court. The court concluded, in part, that, "[a]lthough the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction." Brillhart, 316 U.S. at 494, 62 S. Ct. at 1175. The Court's rationale, based on

---

[1] At the outset, the court concludes that personal jurisdiction exists over LCEC. Roberson, LCEC's employee, resides in Alabama with the permission of LCEC. At least one other LCEC employee also resides in Alabama. Apparently, Roberson leaves for work-duty from Alabama and returns to Alabama. Moreover, the accident that is the subject of the Alabama worker's compensation suit occurred in Alabama while Roberson was in the line and scope of his employment. Venue is proper also.

3

notions of comity and federalism, was explained as follows:

> [o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.

Id. at 495, 62 S. Ct. at 1175-76. The test for district courts became, "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court. Id.

Although Brillhart vested discretionary authority in the district courts, the Court failed to create a list of factors governing the exercise of that discretion. Instead, the test for determining the proper forum for hearing a dispute was broadly phrased as "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." Id. at 495, 62 S. Ct. at 1175-76. At the least, therefore, Brillhart suggested that where another proceeding was pending in state court in which all disputed matters between the parties *could be fully adjudicated,* a federal court should avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." Id.

Over fifty years later, the Supreme Court revisited the discretionary nature of the Federal Declaratory Judgments Act. In Wilton v. Seven Falls Company, 115 S. Ct. 2137, 2139, 132 L. Ed.2d 214 (1995), underwriters sought a federal declaration that they had no duty to indemnify a group of insureds under several commercial liability insurance policies. The District Court stayed the federal action because it concluded that a pending state lawsuit encompassed the same coverage issues raised in the declaratory judgment action. The court concluded that a stay was

4

warranted to avoid piecemeal litigation and to bar the insurers' attempts at forum shopping. The Fifth Circuit affirmed in an unpublished opinion. The Supreme Court granted certiorari to resolve circuit conflicts over the standard governing a district court's decision to stay a declaratory judgment action in favor of related state action. The Court phrased the issue as follows: "whether the discretionary standard set forth in Brillhart . . . or the 'exceptional circumstances' test developed in Colorado River Water Conservation Dist. v. United States (citations ommitted) and Moses H. Cone Memorial Hospital v. Mercury Construction Corp. (citations ommitted) governs a district court's decision to stay a declaratory judgment action during the pendency of parallel state court proceedings, and under what standard of review a court of appeals should evaluate the district court's decision to do so." Wilton, 115 S. Ct. at 2143.

The Court explained that the Act's textual commitment to discretion,[2] and the breadth of leeway it had always understood the statutory language to suggest, distinguishes the declaratory judgment context from other areas of the law in which discretionary concepts arise. Id. In other words, the Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Id. In affirming, the Court concluded that:

> Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

Id. at 2143.

Although settling some questions, Wilton still did not define the outer boundaries of that

---

[2] The Act states that a court "may" declare the rights and other legal obligations of any interested party.

discretion.[3] The Eleventh Circuit has, however, consistently with Brillhart, broadly defined the limits of a district court's discretion in the declaratory judgment context. In Michigan Tech Fund v. Century National Bank of Broward, 680 F.2d 736, 742 (11th Cir. 1982), the court concluded that "The district court has discretion to decline to entertain a diversity action seeking a declaratory judgment and raising issues of state law when those same issues are being presented contemporaneously to state courts and thus will necessarily be resolved by the state courts." See also Ven-Fuel, Inc. v. Department of the Treasury, 673 F.2d 1194 (11th Cir. 1982). Later, the court expounded on the general rule in Angora Enterprises, Inc. v. Condominium Association of Lakeside Village, Inc., 796 F.2d 384, 387-88 (11th Cir. 1986) by stating:

> [A] court, in the exercise of the discretion that it always has in determining whether to give a declaratory judgment, may properly refuse declaratory relief if . . . there is a pending action in which some of the questions posed by the declaratory action have *or may be raised*. (Emphasis added). As Professors Wright, Miller & Kane have summarized:
>
> Unnecessary interference with state court litigation should be avoided. The Declaratory Judgment Act was not intended to enable a party to obtain a change of tribunal from a state to federal court, and it is not the function of the federal declaratory action merely to anticipate a defense that otherwise would be presented in a state action.

Angora Enterprises, Inc. v. Condominium Association of Lakeside Village, Inc., 796 F.2d 384, 388 (11th Cir. 1986). With these principles as a guide, the court will now address the propriety of declaratory relief in the present case.

Two separate but related actions stemming from Roberson's work-related accident are pending before different decision-making bodies. Roberson's worker's compensation lawsuit

---

[3] The Court apparently sanctioned the dismissal of federal declaratory judgment actions in diversity insurance cases where a parallel or related state court proceeding is pending.

awaits decision in an Alabama state court. Also, the present declaratory judgment action is before this court. The issue here, however, is not the employee's entitlement to worker's compensation benefits. The issue is whether LCEC is entitled to coverage under the subject policy. Under Brillhart, a district court must consider, in the first instance, whether the issues raised in an action filed under the Act can be resolved between the parties in a pending state court action. A district court that fails to do so may simply be lending its hand to time consuming, vexatious, and unnecessary decisions on state law issues. The court concludes that rendering judgment in the state case would neither completely resolve or clarify the disputed legal relations at issue nor end the controversy.

The state interest in deciding state-created rights is not absolute. Diversity jurisdiction as invoked here is a well-recognized exception to that rule. The federal interest in diversity cases is said to prevail for the protection of non-resident defendants. That federal interest is somewhat lessened in declaratory judgment actions because Congress notably conferred discretionary jurisdiction. Nevertheless, this is a distinct coverage question which will not be decided by the state action. The motion will be denied.

This ___8___ day of April 1997.

_____
Robert B. Propst
Senior United States District Judge